IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 18-264 |
| ) | Judge Nora Barry Fischer |
| TERRY ROBERTSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

I. INTRODUCTION

Presently before the Court are Defendant Terry Robertson's ("Robertson") Motion to Vacate or Amend Detention Order and the Government's opposition thereto. (Docket Nos. 218; 222; 224; 227; 228). Robertson was ordered detained pending trial at the conclusion of a bond revocation hearing before U.S. Magistrate Judge Russell G. Vineyard in the U.S. District Court for the Northern District of Georgia on December 15, 2021. (Docket Nos. 216; 217; 227-1). Robertson asks this Court to reverse Magistrate Judge Vineyard's order, release him on bond and allow him to return to his residence in the Northern District of Georgia pending trial in this case. (Docket Nos. 218; 224; 228). The Court has undertaken a *de novo* review of the Order of Pretrial Detention and considered the transcript of the proceedings before Magistrate Judge Vineyard and the evidence which was proffered at that time. (Docket No. 227-1). After careful consideration of the parties' arguments in light of the evidence of record, and for the following reasons, Robertson's Motion is denied to the extent that he seeks reversal of the Order on Pretrial Detention and release on bail. Robertson's Motion is likewise denied insofar as he requests a hearing, which this Court finds is unnecessary because the record was fully developed before Magistrate Judge Vineyard and the Court has considered the proffer of additional information he seeks to introduce at this stage.

1

...

II. BACKGROUND

Relevant here, Robertson is charged with one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, (Count One) and one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), (Count Two). (Docket No. 3).  The potential penalties for such offenses include a term of imprisonment of at least five years and up to forty years. 21 U.S.C. § 841(b)(1)(B)(ii).  The charges against Robertson arise from a traffic stop conducted by Pennsylvania State Trooper Dan Beatty on November 2, 2016, when he pulled over a rental vehicle operated by Robertson (with his wife, Janice Moore and another individual, Darryl Ferguson, as passengers) on the southbound Route 28 ramp to the Highland Park Bridge. All three individuals were charged and they moved to suppress the evidence seized as a result of the traffic stop including cocaine, marijuana, U.S. currency and several firearms.  (*See* Docket No. 151).  This Court issued a Memorandum Opinion dated June 29, 2020 denying the motions to suppress. (*Id.*).  The charges against Moore have been resolved as she pled guilty to one count of accessory after the fact in violation of 18 U.S.C. § 3 and was sentenced to two years' probation.  (*See* Crim. No. 21-268).  The case against Robertson and Ferguson remains pending and the Court has granted continuances of jury selection and trial for several reasons including, plea negotiations between the parties, the administrative orders issued regarding the suspension and/or limitations on jury trials during the COVID-19 pandemic, and the fact that Robertson was incarcerated on state charges in Georgia for much of 2021.   (Docket Nos. 159; 162; 163; 167; 169-171; 175; 186-188; 197-200; 202; 205; 207-208; 210; 213-214; 217).

Robertson is 47 years old.  *(Pretrial Bond Report 11/29/18)*.  He was born in New Orleans but has lived in Georgia for much of his life. (*Id.*).  He married Moore in 2012. (*Id.*).

Moore was originally from the New Kensington, Pennsylvania area and they lived there together from 2012-2013. (*Id.*). They have a minor son together who is now 9-10 years old. (*Id.*). Robertson and Moore moved to Georgia in 2013 and they were living there at the time they were involved in the instant offense in November of 2016. (*Id.*). Robertson's criminal history consists of five prior convictions for driving while license suspended and/or related offenses; two prior felony drug convictions in Georgia for which he was sentenced to periods of incarceration; and several probation violations. (*Id.*). The felony drug convictions in Cobb County, Georgia were from 2004-2005. (*Id.*).

Since Robertson was living in the Atlanta area and arrested there, the proceedings as to his initial release on bond and the later violations were conducted in the U.S. District Court for the Northern District of Georgia. (Docket No. 22). Upon his arrest, the Government sought pretrial detention due to the seriousness of the charges but after conducting a detention hearing, U.S. Magistrate Judge John K. Larkins, III of that District issued orders on November 30, 2018 releasing Robertson on a $25,000 unsecured appearance bond with strict conditions including electronic monitoring and a curfew. (Docket Nos. 22-4; 22-6; 22-7). He was also directed to not have any communications with Moore about the case. (Docket No. 22-7). At the initial appearance/arraignment held in this District on February 14, 2019, Robertson pled not guilty and Chief U.S. Magistrate Judge Cynthia Reed Eddy ordered that the bond and order setting conditions of release issued by Magistrate Judge Larkins remained in full force and effect. (Docket Nos. 38-39). Later, in October of 2019, this Court granted Robertson's motion to remove the electronic monitoring and curfew conditions as neither the Government nor the Probation Office objected to same. (Docket No. 112).

On June 10, 2020, the Court received a report of offender under supervision from the Probation Office advising that the Robertson had been charged in Georgia state court with disorderly conduct arising from two separate domestic incidents with Moore on May 28, 2020. (Docket No. 150). Moore alleged that they were engaged in a verbal argument at which time Robertson pulled her from the couch and struck her in front of their minor child. (*Id.*). She did not have visible bruises or marks on her, but she believed the incident escalated because Robertson had been drinking. (*Id.*). A police officer instructed Robertson to leave but he later returned and police were contacted again. (*Id.*). Following this episode, this Court agreed with the Probation Office's recommendation that Defendant's bond conditions be adjusted to require that he "refrain from any use of alcohol" while on pretrial release. (*Id.*).

A few months later, on December 1, 2020, the Probation Office filed a Petition on Action of Conditions of Pretrial Release asserting that Defendant violated the conditions of release by engaging in state or local crimes. (Docket No. 176). To that end, the Probation Office noted that Robertson had two outstanding warrants for his arrest arising from additional domestic incidents with Moore on October 30, 2020 and November 27, 2020 and was facing misdemeanor charges of battery-family violence and cruelty to children. (*Id.*). In the October incident, Moore alleged that Robertson had struck her two times in the face and chest area during an argument. (*Id.*). The November episode involved Moore's complaints that Robertson struck her repeatedly in the side of the face in front of her two children, and smashed her iPhone. (*Id.*). Upon receipt of the Petition, this Court issued a warrant for Robertson's arrest on the bond violations and ordered that bond was to be set at the discretion of the United States Magistrate Judge. (Docket No. 177).

Robertson was arrested on December 10, 2020 and brought before U.S. Magistrate Judge Justin S. Anand for a hearing on that date in the U.S. District Court for the Northern District of Georgia. (20-mj-1081 (N.D.Ga), Doc. No. 2). At that time, the Government declined to seek revocation and the parties jointly presented Magistrate Judge Anand with an agreed-upon proposed amendment to Robertson's bond conditions which was accepted by the Court. (20-mj-1081 (N.D.Ga), Doc. No. 4). In that regard, the conditions were amended to include that Robertson "shall have no contact with Ms. Janice Robertson (Moore), except as incidentally necessary during any contacts the Defendant has with children he shares with Ms. Robertson (Moore). That contact with children must be arranged solely through Defendant's in-laws, and must have such a third-party adult present." (*Id*.).

A second Petition on Action of Conditions of Pretrial Release was filed on April 23, 2021, alleging that Robertson again violated the conditions of release by engaging in state or local crimes and also violated the newly added condition that he have no contact with Moore. (Docket No. 194). This petition asserted that Robertson had been arrested and charged with the felony offense of aggravated stalking in Fulton County, Georgia and had also violated a protection from abuse order that had been issued on February 25, 2021 in Dekalb County, Georgia. (*Id*.). Moore alleged that on March 5, 2021, Robertson was upset about an upcoming hearing in one of the state cases, went to her apartment and attacked her, causing her injuries including bruised ribs and swelling on the back of her head. (*Id*.). This Court issued another warrant for Robertson's arrest and the warrant was lodged as a detainer at the Fulton County Jail, where he was being held on the state charges. (Docket No. 195).

After Robertson's state charges were resolved, he was arrested on this Court's warrant on December 9, 2021 and transferred to federal custody. (Docket No. 211-1). Proceedings on the

petition were then held before U.S. Magistrate Judge Vineyard in the U.S. District Court for the Northern District of Georgia including an initial appearance on December 10, 2021 and a detention hearing on December 15, 2021. (Docket No. 211-3; 211-4). In advance of the detention hearing, the Government filed a motion to revoke Defendant's bond. (Docket No. 211-5).

At the detention hearing, the attorneys proceeded by proffer and although there was some discussion regarding the final disposition of some of the state cases and the timing of the PFA, Robertson admitted that he pled guilty in December of 2021 to two misdemeanor charges and was sentenced to time served incarceration and 12 months' probation in Georgia state court. (Docket No. 227-1). The attorneys then argued their respective positions to Magistrate Judge Vineyard, who held that Defendant would be detained pending trial, thereby rejecting Defendant's proposal that he be released on bond with strict conditions including monitoring. (*Id*.). Magistrate Judge Vineyard made the following findings on the record at the hearing.

> THE COURT: So in this case, as I just said, Mr. Robertson was ordered in December [2020], after he appeared here on a previous arrest and was released on bond, not to have contact with Ms. Robertson except for contacts incident to the children. Those had to be accompanied by third party adult supervision.
>
> Something happened in February of 2021. There may be some dispute about that, but nonetheless it's led to Mr. Robertson entering a guilty plea in December to that conduct, which shows that he did have contact, contrary to conditions of the bond, and that that contact involved family violence.
>
> For that reason under the law I believe he is required to be detained because he has violated conditions of probable cause. I believe he's violated conditions of bond and following a violation of state law, and apart from that I find that there's a risk of danger to at least Ms. Robertson based on the history of the interactions between them. And the risk of danger to her compels me to find that he should be detained and transported back to the Western District of Pennsylvania for the judge there can make the ultimate

> determination as to whether he should be detained any further. But in these proceedings I'm going to order that he be transported by the marshals back to the Western District of Pennsylvania to address the pending petition there.

(Docket No. 227-1 at 17-18).

After the hearing, Magistrate Judge Vineyard issued an Order of Detention Pending Trial and specifically found that the Government had demonstrated by clear and convincing evidence that no condition or combinations of conditions will reasonably assure the safety of any other person and the community. (Docket No. 217 at 2). He also stated the following in support of that decision:

> Defendant repeatedly violated conditions of release, including most recently by having contact with his wife after he had specifically been ordered not to have contact with her, and the latest incident resulted in defendant pleading guilty to a domestic charge after physically assaulting his wife. There has been a history of allegations of domestic violence made against defendant by his wife, and since defendant has not abided by the court's orders to have no contact with her other than in matters pertaining to their children in the presence of a third party, defendant poses a danger to his wife as demonstrated by his guilty plea to domestic violence against her. Detention also is warranted based on his violation of law while on bond.

(Docket No. 217 at 3).

Following the detention hearing, Robertson was transferred to this District and he remains in custody of the USMS. (Docket Nos. 211; 211-2). A preliminary hearing was initially scheduled in this District but was not held after the Court and the parties received additional information concerning the proceedings in the U.S. District Court for the Northern District of Georgia including the Order of Judge Vineyard. Robertson filed the pending Motion seeking to vacate or amend the detention order on February 16, 2022, (Docket No. 218), and the Government submitted its Response in opposition on March 2, 2022, (Docket No. 222). The

7

defense replied on March 16, 2022 while the Government filed a sur-reply and the transcript of the hearing before Judge Vineyard on April 6, 2022. (Docket Nos. 224; 227). Robertson submitted a further reply on April 18, 2022. (Docket No. 228). No further briefing has been submitted. Accordingly, Robertson's Motion is now ripe for disposition.

III. LEGAL STANDARDS

Pursuant to the Bail Reform Act of 1984, a defendant "who has been released under [18 U.S.C. § 3142], and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). A defendant is subject to revocation, if, after a hearing, the judicial officer:

> (1) finds that there is—
>
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).[1] Hence, if a defendant commits a crime or violates another condition of release while on bond; and is unlikely to abide by conditions of release, the judicial officer "shall enter an order of revocation and detention." *Id*.

---

[1] The Court notes that "judicial officer" as used in § 3148 is defined to include both District Judges and United States Magistrate Judges. *See* 18 U.S.C. § 3156; *see also* 18 U.S.C. § 3041.

Section 3145(b) provides, in pertinent part, that, "[i]f a person is ordered detained by a magistrate judge, […], the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." *Id*. A District Judge reviews the decision of the U.S. Magistrate Judge on issues of bail *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985); *see also* 18 U.S.C. § 3145(b). The Court retains the discretion to make its determination after reviewing the record developed before the U.S. Magistrate Judge or to accept additional evidence from the parties and rule on the expanded record. *See*, *e.g.,* 18 U.S.C. § 3142(f)(2)(B); *United States v. Burgess*, Crim. No. 09-150, 2009 WL 2038148, at *2 (W.D. Pa. Jul. 9, 2009). However, when the record is fully developed below, and the parties have not proffered any additional evidence which would materially alter the decision of the Magistrate Judge, as is the case here, the Court will rule on the record established before the Magistrate Judge. *See*, *e.g., United States v. Ewell*, Crim. No. 13-125, 2013 WL 4479029, at *1 (W.D. Pa. Aug. 20, 2013); *United States v. Atkins*, Crim. No. 15-87, 2015 WL 4920831, at *3 (W.D. Pa. Aug. 15, 2015).

IV. DISCUSSION

Here, Robertson argues that the Order of Pretrial Detention should be amended under § 3145(b) to permit his release on bond with conditions including electronic monitoring. (Docket Nos. 218; 224; 228). He contends that Magistrate Judge Vineyard did not make the necessary finding of probable cause under § 3148(a)(1) and proffers that his release is warranted because he has a job waiting for him and he has performed community service activities in the past. (*Id*.). He seeks a further hearing on the matter and ultimately to be released on bond. (*Id*). The Government counters that the record of the proceedings in the U.S. District Court for the Northern District of Georgia suffices to demonstrate that the necessary findings were made to

support the revocation of bond and order of detention under § 3148 and that the Court should not modify or vacate the prior order of Magistrate Judge Vineyard. (Docket Nos. 222; 227).

This Court has conducted a *de novo* review of the record before Magistrate Judge Vineyard, and after careful consideration of all the evidence and the arguments of counsel in light of the governing legal principles, the Court finds that the evidence presented at the detention hearing demonstrates that the Government has met its burden to demonstrate that revocation of Robertson's bond and his pretrial detention is appropriate. *See* 18 U.S.C. § 3148. Accordingly, the Court denies Robertson's motion to amend the Order of Pretrial Detention issued by Magistrate Judge Vineyard.

To that end, the Court holds that there is probable cause that Robertson committed another state or local crime while on pretrial release. (*See* Docket No. 151 at 20-21 (citing cases) (probable cause requires "fair probability" that crime had been committed)). While Robertson initially argued that Magistrate Judge Vineyard did not make a finding of probable cause, the transcript of the proceeding clearly indicates that he did so. (Docket No. 227-1 at 17 ("For that reason under the law I believe he is required to be detained because he has violated conditions of probable cause.")). In any event, Robertson admitted at the detention hearing that he was convicted of two serious misdemeanors under Georgia law, including violation of a temporary protective order, O.C.G.A. 16-5-95, and battery family violence, O.C.G.A. 16-5-23.1(f)(1), arising from the February 25, 2021 domestic incident with Moore. (Docket No. 227-1 at 15). He further conceded that he was sentenced to time served incarceration and 12 months' probation for these offenses.[2] (*Id.*). Given that the Government's burden is only to show

---

[2] The information presently before the Court indicates that Defendant was in state custody from the time of his arrest on a March 5, 2021 warrant through the disposition of the state case and the imposition of the time served sentence on December 7, 2021. (Docket No. 227-1 at 9-10). He was thereafter transferred to federal custody, where he remains pending trial. (*Id.*).

probable cause, Robertson's admissions that he committed state or local crimes while on pretrial release are more than sufficient to meet the requirements of § 3148(a)(1).

Similarly, the Court concludes that the record from the detention hearing demonstrates by clear and convincing evidence that Robertson violated the condition that he have no contact with Moore.  As Magistrate Judge Vineyard stated at that time, Robertson had previously appeared for a hearing on bond violations arising from an earlier domestic dispute in December of 2020 but was released with a condition that he "shall have no contact with Ms. Janice Robertson (Moore), except as incidentally necessary during any contacts the Defendant has with children he shares with Ms. Robertson (Moore).  That contact with children must be arranged solely through Defendant's in-laws, and must have such a third-party adult present." (Docket Nos. 227-1 at 17; 217 at 3; (20-mj-1081 (N.D.Ga), Doc. No. 4)). Again, at the detention hearing, Robertson admitted that he was involved in a domestic incident with Moore on February 25, 2021 and pled guilty to committing the offenses of violating a protective order and battery family violence. (Docket No. 217-1 at 15).  Therefore, the Government has met its burden to establish by clear and convincing evidence that he violated the no contact condition under § 3148(a)(2).

Since the Government has met its burden under § 3148(a), the Court continues to evaluate the evidence under § 3148(b) and concludes that the record sufficiently shows that there are no conditions or combination of conditions that will assure that Robertson will no longer present a danger to Moore.  As noted, Robertson and Moore were married in 2012 and share a child together. (*See Pretrial Bond Report 11/29/19*; Docket Nos. 176; 194; 227-1).  During 2020-2021, there were five separate domestic incidents where Moore alleged that she was assaulted by Robertson. (Docket Nos. 176; 194; 227-1 at 3, 10-11).  Moore was his codefendant throughout this time. After the initial incident, Robertson was directed to undergo alcohol

counseling and treatment. (Docket No. 150). Later incidents prompted the Magistrate Judge to amend his bond conditions to include the no contact condition. (20-mj-1081 (N.D.Ga), Doc. No. 4). Moore separately obtained a protective order against Robertson in a Georgia state court. (Docket Nos. 194; 227-1 at 7-10). Despite these court conditions and the protective order, Robertson violated the no contact condition and assaulted Moore on February 25, 2021, committing the state offenses which resulted in him being sentenced to approximately eight months' imprisonment and 12 months' probation. (Docket Nos. 194; 227-1 at 10, 15, 17). Collectively, the facts outlined above present an unacceptable risk of Robertson's engagement in illegal behavior or continued violence toward Moore if he is released on bond, even under the most restrictive conditions, including home detention and electronic monitoring. *See* 18 U.S.C. § 3142(g).

At most, Robertson proffers that he could return to his former job at Johnny's Body Shop in Lawrenceville, Georgia and volunteer at the "Gangstas to Growers" program in Atlanta. (Docket Nos. 218; 224; 228). However, he admits that he was working in the same positions when he allegedly committed the underlying offense in this case in November of 2016 and when he committed these bond violations in 2021. (*Id*.). He also has not proffered any additional facts which support his request that he be released to return to his home in Georgia pending trial or pointed to any other defects in the detention proceedings. (*Id*.). In addition, the remaining factors under § 3142(g) which require the Court to consider the severity of the charges, the strength of the Government's evidence, and the personal history and characteristics of the defendant, likewise do not support Robertson's release. For example,

- the pending charges alleging conspiracy and possession with intent to distribute 500 grams or more of cocaine are very serious as each of counts 1 and 2 carry a mandatory term of five years' imprisonment and up to forty years, 21 U.S.C. §§ 841(a)(1) and

- (b)(1)(B)(ii). Indeed, such charges result in a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3);

- the evidence against Robertson is strong, as the Court denied a previously filed motion to suppress evidence. In the Memorandum Opinion, the Court noted, among other things, that Robertson committed traffic violations while driving a vehicle which he had rented but the rental agreement had expired; he was acting very nervously upon questioning by law enforcement; there was an active warrant for his arrest on another matter at the time of this episode; two firearms were located in the vehicle; and a large amount of cocaine was found in a bag located in the trunk, (Docket No. 151);

- his personal history and characteristics include a number of prior offenses including five convictions for driving with a suspended license or related offenses; two prior felony drug offenses in the state of Georgia from 2004-2005 for which he was sentenced to 1 year and 4 years' confinement; and several prior probation violations, (*see* Pretrial Bond Report 11/29/2018).

*See* 18 U.S.C. § 3142(g).

All told, the facts before the Court clearly establish that Robertson has repeatedly violated his conditions of release, including explicit instructions to avoid contact with his wife/codefendant Moore, and given Robertson's prior history and the seriousness of the pending charges, there are no conditions of release that would ensure Moore's safety. The same facts likewise show that Robertson is unlikely to abide by any conditions or combination of conditions going forward in this case apart from a bare assertion that he will not violate the conditions again which the Court need not accept. *See*, *e.g.*, *United States v. Walker*, No. 4:16-CR-00019-05, 2016 WL 5791528, at *6 (M.D. Pa. May 12, 2016) ("commission of an offense while on bail does significant damage to the credibility of a defendant seeking release who promises such conduct is unlikely to recur. I cannot risk the safety of the community on such an empty promise."). Accordingly, pretrial detention is appropriately ordered based on this record.

V. CONCLUSION

For the foregoing reasons, the Order of Pretrial Detention issued by Magistrate Judge Vineyard [217] is affirmed, and Robertson's Motion [218] is denied. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Date:   April 28, 2022

cc/ecf:   All counsel of record.

Terry Robertson c/o Lee Rothman, Esquire

U.S. Probation Office